IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADVANCE CABLE COMPANY, LLC, and
PINEHURST COMMERCIAL INVESTMENTS, LLC,

|                        |                    |
|------------------------|--------------------|
| Plaintiffs,            | OPINION AND ORDER  |
| v.                     | 13-cv-229-wmc      |
| THE CINCINNATI INSURANCE COMPANY, | |
| Defendant.            |                    |

---

This is a civil action for breach of contract and insurance bad faith under state law.  As the basis for federal jurisdiction, plaintiffs cite to 42 U.S.C. § 1332, the federal diversity jurisdiction statute, but fail to allege facts sufficient to establish diversity jurisdiction.

Diversity jurisdiction is present when a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000.  42 U.S.C. § 1332.  According to the complaint, the contract claim alone is "in excess of $300,000," satisfying the amount in controversy requirement.  (Compl., dkt. #1, ¶28.) Unfortunately, as currently pled, the complaint only indicates that defendant The Cincinnati Insurance Company is a "foreign corporation whose principal place of business is [in] . . . Ohio" and provides no material information as to the citizenship of plaintiffs -- both LLCs.  The complaint mistakenly assumes that the location of the principle office of an LLC is determinative for jurisdictional citizenship purposes.  On the contrary, "[t]he citizenship of an LLC for purposes of diversity jurisdiction is the citizenship of its *members*." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)

(emphasis added).   Plaintiffs must allege the citizenship of each of their members, and

must also allege the state of incorporation of The Cincinnati Insurance Company.

ORDER

IT IS ORDERED that:

1) plaintiff shall have until May 20, 2013, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 6th day of May, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge