IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

ADVANCE CABLE COMPANY, LLC
and PINEHURST COMMERCIAL
INVESTMENTS, LLC,

                      Plaintiffs,                OPINION & ORDER

   v.

                                                   13-cv-229-wmc

THE CINCINNATI INSURANCE
COMPANY,

                      Defendant.
───────────────────────────────────────────────────────────────

In this civil action, plaintiffs Advance Cable Company, LLC and Pinehurst Commercial Investments, LLC (collectively, "Advance Cable") have sued The Cincinnati Insurance Company ("Cincinnati Insurance") for breach of contract and bad faith in failing to pay for denting to a commercial building caused by hail in April 2011. The court held a telephonic hearing on plaintiffs' Motion to Compel Discovery (dkt. #82) today. Much of the discovery that plaintiffs seek is related to their bad faith claim, which requires plaintiffs to proffer some evidence of objective unreasonableness on Cincinnati Insurance's part. Because the court does not find that plaintiffs have met that initial burden to date, it will deny the motion to compel with respect to bad faith discovery at this time. Some of plaintiffs' requests do require an answer at this stage, however, and so the court will order Cincinnati Insurance to respond to those requests.

Under Wisconsin law, "a prerequisite to discovery in a bad-faith case is . . . some evidence that what the insurance company did was objectively unreasonable because there is no claim for bad faith if it was not." *Farmers Auto. Ins. Ass'n v. Union Pac. Ry. Co.*, 2008 WI App 116, ¶ 26, 313 Wis. 2d 93, 756 N.W.2d 461. The court does not find that plaintiffs

have met that burden, at least not at this stage of the case. Cincinnati Insurance's position is based on a February 2012 report from an outside expert indicating that any denting to the roof did not affect the roof's structural integrity, nor was it visible from the ground. This assessment, which plaintiffs apparently did not controvert until September of 2013, suggests that even if Cincinnati Insurance is ultimately wrong, their position -- that the roof's value was unaffected and that, accordingly, there was no compensable loss -- is at least objectively reasonable. Therefore, at this point in the litigation, plaintiffs have not shown they are entitled to discovery on their bad faith claim.

Some of plaintiffs' discovery requests are not limited to their bad faith claim, however, and so the court will grant their motion as regards defendants' objections to those requests. First, with regard to Request No. 2, which seeks communications between Advance Cable and Cincinnati Insurance regarding the Policy, the court will strike Cincinnati Insurance's objection and order it to respond. With regard to Requests Nos. 3 and 4, which seek the underwriting files, the court will grant those requests to the extent that the files contain information on the condition of the roof at issue in this case before or after the hailstorm. With regard to Request No. 5, which seeks the Atmospheric and Environmental Research Hail Damage Score regarding the property, the court strikes Cincinnati Insurance's objection and orders it to respond to the request. With regard to Request No. 6, which seeks the claims file or files regarding the subject hail damage, the court will also order Cincinnati Insurance to produce that discovery to the extent that the file contains information on the condition of the roof at issue before or after the hailstorm. Finally, with regard to Request No. 31, which seeks "[a]ll documents regarding the Property not produced in response to any request for production above," the court orders Cincinnati

Insurance to respond to this "catch-all" request except as it concerns objections interdicted by defendant and upheld by this court with respect to discovery regarding plaintiffs' bad faith claim.

Except as noted above, the court finds that the remainder of the information plaintiffs seek is protected by attorney-client and work product privileges and denies the remainder of plaintiffs' motion at this time.

ORDER

IT IS ORDERED that plaintiffs' Motion to Compel Discovery (dkt. #82) is GRANTED IN PART and DENIED IN PART, consistent with the opinion above.

Entered this 2nd day of January, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge